IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                           No. CR 10-0759 JB

WESLEY ROGERS,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Second Sentencing Memorandum, filed March 3, 2011 (Doc. 35). The Court held a sentencing hearing on March 11, 2011. The primary issues is whether the Court should sentence Defendant Wesley Rogers to 10 months incarceration. The Court sentences Rogers to a term of 10 months followed by five years supervised release.

The United States Probation Office ("USPO") re-disclosed a Presentence Investigation Report ("PSR") for Rogers on March 2, 2011. In the PSR, the USPO calculated Rogers' total offense level to be 29 and his criminal history category to be III. Pursuant to U.S.S.G. § 5G1.1, the guideline range is 36 months. There being no objections to the PSR, the Court adopts the USPO's guideline calculations in the addendum to the PSR as its own. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a sentence of 10 months, as the Court is satisfied that the agreed offense level varies for justifiable reasons.

The Court notes that Rogers committed abusive sexual contact on the victim's breast and

vagina, underneath her clothing, with his hands, finger, and tongue.  The victim has recanted her testimony, however, and she appears to be unwilling to assist Plaintiff United States of America in prosecuting this case.  The Court has also considered the difficulties the United States faces in bringing this case to trial.  The Court believes that some punishment is better than no punishment at all, and given the victims' unwillingness to cooperate, there is a very real possibility that Rogers would prevail at trial, despite the United States' considerable evidence against him.  The Court has held that weaknesses in the United States' case is a legitimate grounds for a variance, because a sentence of incarceration is more just than no sentence at all.  See United States v. Summers, 506 F. Supp. 2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States' case."); United States v. Jiang, 376 F. Supp. 2d 1153, 1157-58 (D.N.M. 2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of going to trial) United States v. Stone, 374 F. Supp. 2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States' prospects at trial).  Additionally, the Court will impose conditions as part of Rogers' supervised release to protect the victim the public, and provide Rogers with education and training to address his problems.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals.  Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant.  The Court finds that a sentence of 10 months adequately reflects the seriousness of the offense -- given the weakness of the United States' case, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).  While the Court's task, as a district court, is not to

arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. The Court believes Rogers' criminal history is adequately reflected in the applicable guideline range. The Court believes a sentence of 10 months is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

      The Court will sentence Rogers to five years supervised release. Rogers must comply with the standard conditions of supervised release, including the standard sex offender conditions that the District of New Mexico adopted on February 6, 2007. Rogers must also comply with the following mandatory conditions:

      Rogers will submit to DNA collection in compliance with statutory requirements while incarcerated at the Bureau of Prisons or at the USPO's direction. Rogers shall register with the state, local, tribal and/or appropriate sex offender registry agency in the state where he resides, works, or is a student as his probation officer directs. Rogers shall not possess, have under his control, or have access to any firearm, explosives, or dangerous weapons as federal, state, or local law defines these terms.

      Rogers must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. Rogers is prohibited from obstructing or attempting to obstruct or tamper in any fashion with the collection, efficiency, or accuracy of any substance testing device or procedure. Rogers may be required to pay a portion of the cost of the treatment and/or drug testing as the USPO may determine.

Rogers must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale. Rogers must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by his probation officer. Rogers may be required to pay a portion of the cost of this treatment as the USPO may determine.

Rogers will have no contact with the victim at any time. Rogers must not possess or use a computer with access to any on-line computer service at any location without the USPO's prior written approval. Rogers must allow the probation officer to install appropriate software to monitor the use of the Internet. Rogers must not have contact with children under the age of eighteen without his probation officer's prior written permission. He must immediately report unauthorized contact with children to his probation officer. Rogers is restricted from engaging in an occupation where he has access to children without prior approval of his probation officer. Rogers must not loiter within a hundred feet of school yards, parks, play grounds, arcades, or other places used primarily by children under the age of eighteen. Rogers must not volunteer for any activities in which he supervises children or adults with mental or physical disabilities. Rogers shall reside at and complete a program at a residential reentry center for a period of up to six months as approved by his probation officer.

**IT IS ORDERED** Defendant Wesley Rogers is sentenced to 10 months in the custody of the Bureau of Prisons and a term of five years supervised release.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jennifer M. Rozzoni
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Stephen D. Aarons
Aarons Law Firm, PC
Santa Fe, New Mexico

    *Attorney for the Defendant*